## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STATEWIDE BONDING, INC.**<br>4085 Chain Bridge Road, Suite 100<br>Fairfax, VA, 22030; | )<br>)<br>)<br>) |
| **BIG MARCO INSURANCE AND**<br>**BONDING SERVICES, LLC**<br>1010 State Street<br>San Diego, CA 92101; | )<br>)<br>)<br>)<br>) |
| **NEXUS SERVICES, INC.**<br>113 Mill Place Parkway<br>Verona, VA 24482; | )<br>)<br>)<br>) |
| **MIKE DONOVAN**<br>113 Mill Place Parkway<br>Verona, VA 24482; | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. |
| | ) |
| **U.S. DEPARTMENT OF**<br>**HOMELAND SECURITY ("DHS")**<br>245 Murray Lane, SW<br>Washington, D.C. 20528; | )<br>)<br>)<br>)<br>) |
| **KIRSTJEN NIELSEN**, in her individual<br>and official capacity as Secretary of U.S.<br>Department of Homeland Security ("DHS"))<br>245 Murray Lane, SW<br>Washington, D.C. 20528; | )<br>)<br>)<br>)<br>) |
| | )<br>) |
| Defendants. | ) **JURY TRIAL DEMANDED**<br>) |

## COMPLAINT

Plaintiffs bring this action based on Defendants' violation of relevant provisions of the Administrative Procedure Act (APA) and Defendants' violation of Plaintiffs' procedural and substantive due process rights protected by the Fifth Amendment of the U.S. Constitution.

## INTRODUCTION

Defendants' spiteful attack on Plaintiffs continues. Defendants require that appeals be submitted by mail. Unlike the federal court system, there is no mechanism for an electronic filing of an appeal and there is no mechanism for a lawyer to hand-file an appeal as may still occur in some courts. Defendants are now refusing to accept Plaintiffs timely submitted appeals—appeals that Plaintiff has mailed by Defendants' prescribed due date—because the United State Postal Service caused those same appeals to arrive past Defendants prescribed due date. (See Exhibit 2, demonstrating dates that the ten subject appeals were delivered to Defendants, and Exhibit 3, demonstrating dates that the ten subject appeals were delivered to USPS by Plaintiffs.)

As this Court well knows, relying on a postmark date to demonstrate timely submission of documents is common practice. Though Defendants are attempting to deny it, this common practice unambiguously forms a part of the DHS regulation in question, 8 C.F.R. § 103.8(b). (See 8 C.F.R. § 103.8(b), signifying

that the mailbox rule applies to Plaintiffs' appeals by stating "service by mail is complete upon mailing.")

Defendants have engaged in a switch-up game regarding what some refer to as the 'mailbox rule,' wielding it as both shield and sword, to ensure an inequitable outcome that prejudices Plaintiffs. For example, Defendants' Form I-290B Instructions for Notice of Appeal or Motion states: "If we sent you the decision by mail, the "date of service" is the date we mailed the decision, not the date you received it." In making that statement, Defendants cite directly to 8 C.F.R. § 103.8(b), which reads: "Effect of service by mail: whenever a person has the right or is required to do some act within a prescribed period after the service of a notice and the notice is served by mail, 3 days shall be added to the prescribed period. **Service by mail is complete upon mailing."**

Several points need to be made at this juncture:

1. Breach notices were served on Plaintiffs by mail, so under 8 C.F.R. § 103.8(b), Plaintiffs have 3 additional days to submit their appeals to Defendants;

2.  In addition to having 3 additional days to submit their appeals under 8 C.F.R. § 103.8(b), Plaintiffs' service of their appeal upon Defendants is complete upon mailing because the plain language of 8 C.F.R. § 103.8(b) expressly states "service by mail is complete upon mailing";

3. Nowhere in 8 C.F.R. § 103.8(b), or anywhere else in 8 C.F.R. § 103.8, does the statute say that the language "service by mail is complete upon mailing" applies only to Defendants;

4. Defendants do not deny that the 3 day extension of time under 8 C.F.R. § 103.8(b) applies to Plaintiff (See Exhibit 4, where Defendants cite to 8 C.F.R. § 103.8(b) to communicate this additional time to Plaintiffs); thus, Defendants cannot deny that 8 C.F.R. § 103.8(b)'s mandate that "service by mail is complete upon mailing" also applies to Plaintiffs.

Nonetheless, to circumvent this reality, Defendants sent letters to Plaintiff citing to language from the Board of Immigration Appeals Practice Manual, as if the manual had the force of a regulatory mandate; it does not, as the manual itself states. Defendants also make off-point arguments about the mailbox rule typically applying to contract formations when, as demonstrated above, the mailbox rule is fully contemplated by the DHS regulation in question here.

Moreover, the governing statutes contain no express language to support Defendants' position that an appeal is submitted only when received by Defendants: "The affected party must **submit** the complete appeal including any supporting brief as indicated in the applicable form instructions within 30 days after service of the decision"—with emphasis on the word submit. 8 C.F.R. § 103.3(a)(2)(i). Indeed, Plaintiff submitted the appeals at issue—by mail—

within the prescribed due date. (See Exhibit 3, showing the dates appeals were delivered to the USPS.) The regulatory framework contemplates **submitting** appeals so that *Defendants* can formally file them with the appropriate agency.

Plaintiffs' appeals were timely submitted. Defendants know this, but continue to blatantly violate their own regulations, demonstrative of their foundational problem: DHS believes that because these are DHS regulations, DHS can do as it pleases and make alterations where desired. This misguided and arrogant belief is not how the law works.

In sum, applying basic rules of statutory construction to the plain language of the regulations in question here demonstrate that the mailbox rule applies to the appeals in question. Further, the consequences of Defendants' violation of Plaintiffs' due process rights are completely disproportionate, causing severe and irreparable harm by, essentially, prohibiting Plaintiffs' program participants from exercising their last lawful chance at fighting an order of deportation. Freedom is at stake. As such, Plaintiffs request relief from Defendants' labeling subject bond breach appeals as untimely filed.

## JURISDICTION AND VENUE

1.

This case arises under the Fifth Amendment to the United States Constitution; the Administrative Procedures Act, and the Declaratory Judgement

Act. The court has subject matter jurisdiction under, inter alia, 28 U.S.C. §§ 1331,

2202, 2201, and 5 U.S.C.A. § 702.

2.

Personal Jurisdiction is proper because Defendants transact business in

this District and thus are subject to personal jurisdiction in this Court pursuant

to, inter alia, Fed. R. Civ. P. 4.

3.

Venue is proper under 28 U.S.C. § 1391 because (1) a substantial part of the

events and omissions giving rise to Plaintiff's claims occurred within this

District and Division and (2) Defendants reside and transact business in this

District and Division.

**STANDING AND EXHAUSTION**

4.

Standing for these Plaintiffs follows the same reasoning found in the

related case: Statewide Bonding Inc., et al v. U.S. Dept. of Homeland Security, et

al., No. 1:18-cv-02115-JEB (D.D.C. 2018). Defendants conduct continues to cause

pecuniary and reputational harm to Plaintiffs because of the same reasons as

explain in said related case. (See Exhibit 6 for the Second Amended Complaint in

that case.) Additionally, and notably, regarding exhaustion of administrative

remedies prior to filing in federal court, this Court has noted that exhaustion is

not generally required for § 1983 claims such as the claims in this case. Second, while it has been established that "'[i]f there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what he wants[]'", this is not the case here. Defendants will not stop engaging in conduct that continues to cause economic and reputational harm to Plaintiffs, even if Plaintiffs appeal Defendants' decision that Plaintiffs' appeals were untimely. Further, Plaintiff's rights do not stem from the failure of the government Defendant to perform under a contract; instead, the rights at issue here stem from Defendants' own regulatory framework. And the substantive due process right at issue, in this case, gains substantial force from Defendants intentional violation of federal law.

## PARTIES

5.

Plaintiff Statewide Bonding, Inc. is a bonding company that issues criminal and immigration bonds throughout the United States.

6.

Plaintiff Big Marco Insurance and Bonding Services, LLC is a bonding company that issues criminal and immigration bonds throughout the United States.

7.

Plaintiff Nexus Services, Inc. is a small, for-profit business that provides

critical services to immigrants who languish in detention facilities, because they

cannot afford to post immigration bonds. Nexus provides guarantees for

immigration bonds that are posted by Plaintiffs Big Marco and Statewide. Nexus'

mission is to give hope and help to those without a voice in the immigration

system. The Nexus program allows detained immigrants to post their bonds and

be reunited with their families without having to pay the full amount of their

bonds and allows immigrant detainees to secure release without requiring

traditional collateral, indemnifying sureties and/or bail agents for these bonds.

8.

Plaintiff Mike Donovan is a business entrepreneur, who is CEO and

President of Nexus.

9.

Defendant U.S. Department of Homeland Security ("DHS") has

responsibility for enforcing the immigration laws of the United States.

10.

Defendant Kirstjen Nielsen is sued in her individual and official capacity

as Secretary of U.S. Department of Homeland Security ("DHS").

## STATEMENT OF FACTS

**I.    Defendants are ignoring the fact that the mailbox rule is an explicit part of the DHS regulation applicable to this case, 8 C.F.R. § 103.8(b)**

11.

Defendants sent notices of bond breach determinations to Plaintiffs through regular mail. Plaintiffs were required to respond to the notices of the bond breaches by mail, as Defendants provided no other mechanism for receiving an appeal. Defendants do not have an electronic filing system, nor do they have a physical address to which service may be made by hand filing an appeal.

12.

Through no fault of Plaintiff's, responsive bond breach appeals sent to the U.S. Citizenship and Immigration Services' (USCIS') Administrative Appeals Office (AAO) in the months of January, February, March, and April 2019 were held by the United States Postal Service (USPS) for a period of time where, upon their delivery to the AAO, the timely filing period had extinguished.

13.

Defendants are deeming Plaintiffs' bond breach appeals, delayed by the USPS, as untimely filed in order to collect on invoices, and have done so for **hundreds of appeals** that Plaintiffs have mailed prior to Defendants prescribed deadline for said appeals.

14.

In letters between Plaintiffs and Defendants dated July 1, 2019 and July 8, 2019, Defendants emphasized that "ICE calculates the timeliness of bond breach appeals by following DHS regulations and USCIS instructions." (See Exhibits 2 and 4, demonstrating Defendants' proclaimed abidance to DHS regulations).

15.

In fact, in their July 1, 2019 letter, when addressing Plaintiffs' contention that the mailbox rule applies, Defendants state: "[t]he Form 1-290B Instructions state that the date of service of the decision is the date it was mailed, not the date it was received. The date the 1-290B is submitted to the AAO is the date the USCIS receives it, not the date your office mailed it"; this quoted language **fails to cite all of the relevant language in the I-290B Form, which actually cites to the specific regulation relied on to support Defendants' statement. (**See Exhibit 2, where Defendants iterate instructive language but fail to provide all relevant language.)

16.

The part of the I-290B Form Instructions for Notice of Appeal or Motion Defendants are relying upon states the following: "If we sent you the decision by mail, the "date of service" is the date we mailed the decision, not the date you

received it. **See 8 C.F.R. § 103.8(b)."** This sentence, relied upon by Defendants, clearly obtains its force from the regulation 8 C.F.R. § 103.8(b).

17.

DHS regulation 8 C.F.R. § 103.8 states, in full, the following: "Effect of service by mail. Whenever a person has the right or is required to do some act within a prescribed period after the service of a notice upon him and the notice is served by mail, 3 days shall be added to the prescribed period. **Service by mail is complete upon mailing**."

18.

With respect to 8 C.F.R. § 103.8(b) language that stating "[w]henever a person has the right or is required to do some act within a prescribed period after the service of a notice upon him and the notice is served by mail, 3 days shall be added to the prescribed period[]", Plaintiffs in this case were served the subject breach notices by mail and are required to respond to those breach notices.

19.

Clearly, 8 C.F.R. § 103.8(b) applies to Plaintiffs and thus Plaintiffs have an additional 3 days to respond to Defendants' breach notices. Defendants do not deny that 3 days are added to Plaintiff's response period prescribed in 8 C.F.R. § 103.3(a)(2)(i) because they sent notices by mail.

20.

Clearly, 8 C.F.R. § 103.8(b) applies to Plaintiffs and thus the service of

appeals submitted by mail are considered served upon mailing because the

express language of 8 C.F.R. § 103.8(b) says **"[s]ervice by mail is complete upon**

**mailing."** This language is an unambiguous regulatory application of the

mailbox rule.

21.

Defendants are attempting to argue that *only the first sentence* of 8 C.F.R. §

103.8(b) ("Whenever a person has the right or is required to do some act within a

prescribed period after the service of a notice upon him and the notice is served

by mail, 3 days shall be added to the prescribed period.") applies to Plaintiffs

and that, somehow, the last sentence ("Service by mail is complete upon

mailing"), is reserved for Defendants.

22.

Nowhere in 8 C.F.R. § 103.8(b), or anywhere else in 8 C.F.R. § 103.8, does

the statute say that the language "service by mail is complete upon mailing"

applies only to Defendants.

23.

To skirt the reality of the above, Defendants attempt to cite language in

their Board of Immigration Appeals Practice Manual, as if it is actually

regulatory language; it is not, articulated by the manual itself, which reads:

"**Disclaimer. – This manual does not carry the weight of law or regulation. This manual is not intended, nor should it be construed in any way, as legal advice, nor does it extend or limit the jurisdiction of the Board of established by law and regulation.**" <u>See</u> Chapter 1, 1.1(c).

24.

Despite the above disclaimer, Chapter 3.1(a)(i) of the Manual goes on to attempt to extend Defendants' jurisdiction and deny Plaintiffs' due relief by reading: "For appeals and motions that must be filed with the Board, the appeal or motion is not deemed "filed" until it is *received* at the Board. **The Board does not observe the "mailbox rule."** This language directly contradicts the express language of 8 C.F.R. § 103.8(b), which is undoubtedly the regulation that applies to the mailing of Plaintiffs' appeals because, *inter alia*, it is cited in the appeal instructions relied upon by Defendants' own I-290B Form Instructions on Appeals of Notices or Motions.

**II.     Defendants are failing to adhere to the express language of regulations relevant to this case, altering as they see fit and prejudicing Plaintiffs**

25.

Defendants send out notices about bond breach decisions by mail; when Plaintiffs have challenged those mailed decision on grounds that the decision was not received timely through the mail service, Defendants claim that the date

of service with respect to those decisions is the postmark date (not the date received by Plaintiffs). (See Exhibit 2, Defendants' letter to Plaintiffs stating that "the Form 1-290B Instructions state that the date of service of the decision is the date it was mailed, not the date it was received.")

26.

When it comes time for Plaintiffs to prove that they submitted an appeal within the allotted timeframe, however, Defendants reverse their stance and claim that Plaintiffs are prohibited from proving timely submission of appeals by pointing to the postmark date – this arbitrary reversal demonstrates an seismic abuse of discretion regarding the interpretation of governing statutory language. (See Exhibit 2, stating that "the date the I-290B is submitted to the AAO is the date USCIS receives it, not the date your office mailed it.)

27.

On top of the express regulatory language relying on the mailbox rule in 8 C.F.R § 103.3(b), the express language used by 8 C.F.R. § 103.3(a)(2)(i) states that: "the affected party must submit the complete appeal including any supporting brief as indicated in the applicable form instructions within 30 days after service of the decision" – with emphasis on the word submit.

28.

Emphasis is placed on the word <u>submit</u> found within 8 C.F.R. § 103.3(a)(2)(i) because filing the appeals in question is an administrative task completed by an agency representative of Defendants; Plaintiff does not have the ability to *file* the appeals, but rather to submit them *for filing by Defendants.*

29.

Defendants prohibit Plaintiffs from filing the appeals in question electronically, either through an ECF style system, direct email, or hand-delivery to Defendants.

30.

In this case, Plaintiffs have adhered to the language of the statutes, as described above, and submitted the appeals within 33 days. (<u>See</u> Exhibit 3, providing a chart with dates that the subject appeals arrived at the post office.)

**III.   Plaintiffs have provided Defendants with proof of timely submitted appeals**

31.

Tracking numbers provided to Defendants for Plaintiffs' subject appeals indicate that the appeals' dates of arrival to the post office in the months of January, February, March, and April 2019 were within 33 days after Defendants served correlated bond breach notices upon Plaintiffs. Plaintiff took all measures possible to ensure they would be received by the USCIS in a timely manner. (<u>See</u>

Exhibit 3, providing a chart of the date that the subject appeals arrived at the post office.)

32.

Additionally, to defend against Defendants' claims that Plaintiffs appeals were untimely submitted, Plaintiffs provided Defendants with Form I-797(c)'s, Notice of Action, for the subject bond breach appeals, communicating USCIS' receipt of Forms I-290B submitted (See Exhibit 1, indicating that Plaintiff has provided the Form I-797(c)'s to contest Defendants' allegation of untimeliness.)

33.

The tracking numbers provided to Defendants for said appeals indicate the amount of time that the appeals were held without cause by the USPS, and without fault of Plaintiff. (See Exhibit 3, providing tracking numbers for the subject appeals.)

34.

Without USPS' delay, Plaintiffs' subject appeals would have been successfully and timely delivered to the USCIS and filed as so.

35.

USPS' delay is beyond Plaintiffs' control.

36.

As shown in Defendant's letter to Plaintiffs dated July 1, 2019, indisputably, the USPS caused 8 out of 10 of the submitted appeals to be delivered one to three days after the prescribed deadline; the other two submitted appeals were received seven and eight days, respectively, after the prescribed deadline. These delays are reasonable and out of Plaintiff's control. (See Exhibit 2, noting the dates that the I-290B Forms were received.)

**IV.    Defendants use weird language in trying to escape the reality that 8 C.F.R. § 103.8(b) applies to Plaintiffs**

37.

In a bizarre twist, Defendants sent Plaintiffs a letter stating that the mailbox rule is a common-law rule usually reserved for contract formations: "[t]he common-law "mailbox rule" typically applies when the issue of timely acceptance of an offer is raised in contract formation disputes. Here, when an administrative agency has promulgated regulations stating that an appeal must be submitted within 33 days when the decision being appealed was issued by regular mail, the "mailbox rule" has no effect." (See Exhibit 4, Defendants refusing to abide by the mailbox rule, which, as demonstrated, is expressly accepted within the language their own regulations).

38.

The entire legal community in the United States of America has a firm grasp on the fact that the mailbox rule is used by governments and courts in a variety of manners that have absolutely nothing to do with 'contract formation disputes.'

39.

In another demonstration of Defendants trying to hone their skills in the art of deception, Defendants state that "[b]ecause the agency has no way of determining when someone placed an AAO appeal in the mail, it can calculate timeliness of filing using the date the agency received the appeal notice – a date that the agency can ascertain for itself." (See Exhibit 4). This contention is easily debunked by the known fact that the USPS permits people to track documents with tracking numbers, and also postmarks all mail. And, as established, Plaintiffs provided Defendants with the tracking numbers indicating the date the appeals were delivered to the USPS and showing timeliness (See Exhibit 3).

40.

In two separate letters to Plaintiffs' counsel dated July 1, 2019 and July 8, 2019, U.S. Immigration and Customs Enforcement (ICE) attempts to wiggle out of granting Plaintiffs' clients' due process rights by stating that they "lack the discretion" to treat untimely appeals as timely-filed because ICE follows DHS

regulations and USCIS instructions (<u>See</u> Exhibits 2 and 4). Plaintiff is not asking for discretion, but for DHS to adhere to the applicable, express language of its own regulatory framework.

## CAUSES OF ACTION

### COUNT I
**Section 1983 claim for violation of Procedural and Substantive Due Process Clause protected by the
5th Amendment of the U.S. Constitution**

41.

Plaintiffs hereby incorporate the preceding factual paragraphs, and any other paragraphs this Court deems relevant, as repeated and realleged as though fully set forth herein to support this Count.

42.

Based on all the facts of support this Count, Defendants violated Plaintiffs' procedural and substantive due process rights. Defendants' violation of Plaintiffs' due process rights is causing irreparable harm to Plaintiffs, Plaintiffs' reputation, and Plaintiffs' program participants.

**COUNT II**
**Claim for violation of the Administrative Procedures Act ("APA"), 5 U.S.C § 706(2)(C)**

43.

Plaintiffs hereby incorporate the preceding factual paragraphs, and any other paragraphs this Court deems relevant, as repeated and realleged as though fully set forth herein to support this Count.

44.

Based on all the incorporated facts, Defendants' action of declaring timely submitted appeals as untimely filed is unlawful, unconstitutional, in excess and outside of authority, and an abuse of authority, inter alia, under the APA.

**COUNT III**
**Claim for Declaratory Relief**
**for violation of the Administrative Procedures Act, 5 U.S.C § 706(2)(C) and for violation of Procedural and Substantive Due Process Rights protected by the Due Process Clause 5th Amendment of the U.S. Constitution**

45.

Plaintiffs hereby incorporate the preceding factual paragraphs, and any other paragraphs this Court deems relevant, as repeated and realleged as though fully set forth herein to support this Count.

46.

Based on all the incorporated facts, Defendants' action of labeling timely submitted bonds as untimely filed is unlawful, unconstitutional, in excess of authority and an abuse of authority, under the APA.

47.

Based on all the incorporated facts, Defendants' actions in attempting to label timely submitted appeals as untimely filed deprives Plaintiffs of their due process rights under the 5th Amendment to the United States Constitution.

48.

Based on all the incorporated facts, Plaintiffs are entitled to declaratory judgement declaring the Defendants' actions are arbitrary and capricious, in violation of the APA, and an unconstitutional deprivation of Plaintiffs' procedural and substantive protections under the due process clause of the United States Constitution.

**COUNT IV**
**Claim for Injunctive Relief**
**for violation of the Administrative Procedures Act, 5 U.S.C § 706(2)(C) and for**
**violation of Procedural and Substantive Due Process Rights protected by the**
**Due Process Clause 5th Amendment of the U.S. Constitution**

49.

Plaintiffs hereby incorporate the preceding factual paragraphs, and any other paragraph this Court deems relevant, as repeated and realleged as though fully set forth herein to support this Count.

50.

Based on all the facts to support this Count, Plaintiffs seek injunctive relief to enjoin Defendants from violating their due process rights as set forth in the factual paragraphs of this Complaint. Defendants' violation of Plaintiffs' due process rights is causing irreparable harm to Plaintiffs, Plaintiffs' reputation, and Plaintiffs' program participants. Based on the incorporated facts to support this Count, Plaintiffs meet all legal criteria which would permit this Court to grant the requested relief of, inter alia, enjoining Defendants from labeling timely submitted appeals as untimely filed. Plaintiffs, based on the incorporated facts to support this Count, have a high likelihood of success on the merits, and the injunctive relief sought serves the public interest. The balance of equities also weighs in Plaintiffs' favor, and as far as irreparable harm, Plaintiff and Plaintiff's program participants have suffered significantly.

## COUNT VI
## Attorney's Fees

Based on the foregoing, Plaintiffs are entitled to reasonable attorney's fees under all applicable laws, including the Equal Access to Justice Act, 28 U.S.C. § 2412.

## PRAYER FOR RELIEF

Plaintiffs request that the Court enter a judgment against Defendants and award the following relief:

A.    Order Defendants be enjoined from declaring timely submitted appeals as untimely filed, until the substantive legal issues in this Complaint are resolved;

B.    Enter judgment and declaratory judgment in favor of Plaintiffs;

C.    Enter injunctive relief in Plaintiffs' favor as prayed for in Plaintiffs' Complaint or as this Court deems fit;

D.    Award costs and attorneys' fees to Plaintiff; and

E.    Order all other relief that is just and proper.

Respectfully submitted this 12th day of July 2019,

/s/John M. Shoreman
John M. Shoreman (#407626)

**MCFADDEN & SHOREMAN, LLC**
1050 Connecticut Avenue, NW
Washington, DC 20036
202-772-3188/202-204-8610 FAX

jmshoreman@verizon.net
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing

COMPLAINT with the Clerk of Court via CM/ECF which automatically serve

email notification to all counsel of record.

Respectfully submitted this 12th day of July 2019,

/s/John M. Shoreman
John M. Shoreman (#407626)

**MCFADDEN & SHOREMAN, LLC**
1050 Connecticut Avenue, NW
Washington, DC 20036
202-772-3188/202-204-8610 FAX
jmshoreman@verizon.net
*Counsel for Plaintiffs*