UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STATEWIDE BONDING, INC., *et al.*,

    Plaintiffs,

    v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

    Defendants.

Civil Action No. 19-2083 (JEB)

## MEMORANDUM OPINION

A key concept in any first-year Contracts course is the default rule that acceptance of a contract is effective as of the date it is placed in the mail. See 2 Willison on Contracts § 6:32 (4th ed. 2019). Plaintiffs in this case are bail-bond companies who believe that the Government's ignorance of this so-called "mailbox rule" has caused many of their appeals to be incorrectly rejected as late. More specifically, they read certain agency regulations to apply that rule to their filing of administrative appeals, arguing that these appeals should be deemed submitted when mailed. The Department of Homeland Security, contending that a different regulation applies — one that considers the appeal submitted when received — now moves to dismiss Plaintiffs' Complaint. Agreeing that the mailbox rule does not govern here, the Court will grant the Motion.

**I.    Background**

The factual background of this case is explained in more detail in prior Opinions, as Statewide has filed several related suits in this Court within the space of a year. See, e.g., Statewide Bonding, Inc. v. DHS, No. 18-2115, 2019 WL 2477407 (D.D.C. June 13, 2019)

1

(Statewide II).  In brief, Plaintiffs Statewide Bonding, Inc. and Big Marco Insurance and Bonding Services, LLC are bail-bond companies that, in exchange for collateral, post bonds for non-citizens (among others) who would otherwise be detained pending further proceedings. Statewide Bonding, Inc. v. DHS, No. 18-2115, 2019 WL 5579970, at *1 (D.D.C. Oct. 29, 2019) (Statewide III).  When a non-citizen does not have sufficient assets for collateral, Plaintiff Nexus Services, Inc. enters into contracts both with her to provide the collateral and with the bail-bond company to guarantee her appearance.  Id.  If the non-citizen fails to appear and the obligor (the bail-bond company) then cannot produce her, Immigration and Customs Enforcement will find the obligor in breach of the bond and may fine it up to the full value of the bond.  Id. at *1–2.  If the obligor is notified of this breach finding by mail, it has 33 days from the date the breach notice was mailed to appeal that finding.  See 8 C.F.R §§ 1.2, 103.8(b).

      The parties agree that the breach notice is deemed served — and thus the 33-day period begins to run — when ICE mails the notice.  Id. § 103.8(b); see ECF No. 10 (Motion to Dismiss) at 5; ECF No. 12 (Plaintiffs' Opp.) at 7–8.  They disagree, however, as to whether the same "mailbox rule" applies to the obligor's mailing of its appeal to the Administrative Appeals Office of the U.S. Citizenship and Immigration Service or whether it is the receipt of the appeal that governs.

      Plaintiffs, who have had many appeals denied as untimely under DHS's reading, filed the present case in July of this year.  See ECF No. 1 (Complaint), ¶¶ 33–34.  They allege that by applying the wrong regulation to appeals, DHS is rejecting timely filings in violation of the Administrative Procedure Act and 42 U.S.C. § 1983.  In other words, Plaintiffs allege that they mailed the appeals within the 33-day period.  Id.  Defendants, for their part, have now filed a Motion to Dismiss, affirming their choice of regulation on the APA claim and noting that the

2

§ 1983 claim is infirm for multiple reasons, including that it was not brought against state actors. See MTD at 6, 8.

II.  **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); then quoting id. at 570). For a plaintiff to survive a 12(b)(6) motion, the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555–56.

In evaluating Defendants' Motion to Dismiss, the Court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (citation omitted) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979) (citing Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993)). The Court need not accept as true, however, "a legal conclusion couched as a factual allegation," Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)), nor an inference unsupported by the facts set forth in the complaint. Id. (quoting Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

III.  **Analysis**

Plaintiff's Complaint alleges five counts: the first is a claim under § 1983, the second is one under the APA, and the last three are actually prayers for different types of relief

masquerading as stand-alone counts.  The Court will begin by addressing the APA claim and then consider the others.

    A.  APA Claim

Plaintiffs' Complaint and their Opposition to the Motion to Dismiss appear to disagree as to the basis for their APA claim.  Compare Compl. at 19 (citing 5 U.S.C. § 706(2)(C)), with Pl. Opp. at 7 (quoting case that quotes 5 U.S.C. § 706(2)(A)).  Defendants' Motion treats the count as one under § 706(2)(A), which the Court agrees is the appropriate standard.  (Section 706(2)(C), conversely, deals with whether the agency has acted in excess of its authority.)

The Administrative Procedure Act "sets forth the full extent of judicial authority to review executive agency action for procedural correctness." FCC v. Fox Television Stations, Inc., 556 U.S. 502, 513 (2009).  It requires courts to "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).  Agency action is arbitrary and capricious if, for example, the agency "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).  Under this "narrow" standard of review, an agency is required to "examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" Id. (quoting Burlington Truck Lines v. United States, 371 U.S. 156, 168 (1962)).  Courts "have held it an abuse of discretion for [an agency] to act if there is no evidence to support the decision or if the decision was based on an improper understanding of the law." Kazarian v. U.S. Citizenship and Immigration Servs., 596 F.3d 1115,

1118 (9th Cir. 2010) (quoting Tongatapu Woodcraft Hawaii Ltd. v. Feldman, 736 F.3d 1305, 1308 (9th Cir. 1984)). Put another way, the court's role is only to "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Am. Oceans Campaign v. Daley, 183 F. Supp. 2d 1, 4 (D.D.C. 2000) (quoting Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971)).

It is not enough, then, that the court would have come to a different conclusion from the agency. See Oceana, Inc. v. Pritzker, 24 F. Supp. 3d 49, 58 (D.D.C. 2014) (citing Steel Mfrs. Ass'n v. EPA, 27 F.3d 642, 646 (D.C. Cir. 1994). The reviewing court "does not substitute its own judgment for that of the agency." Id. A decision that is not fully explained, moreover, may be upheld "if the agency's path may reasonably be discerned." Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 286 (1974). It is only these "certain minimal standards of rationality" to which a reviewing court holds an agency. See Nat'l Envtl. Dev. Ass'ns Clean Air Project v. EPA, 686 F.3d 803, 810 (D.C. Cir. 2012) (quoting Ethyl Corp. v. EPA, 541 F.2d 1, 36–37 (D.C. Cir. 1976) (*en banc*)).

In the present case, DHS contends that a further layer of deference is applicable — *viz.*, that which applies to an agency's interpretation of its own regulations. See MTD at 4 (citing Stinson v. United States, 508 U.S. 36, 45 (1993)). But even if this standard — sometimes called Auer deference or Seminole Rock deference — applies where, as here, the Court must determine which of two regulations applies, that deference "can arise only if a regulation is genuinely ambiguous." Kisor v. Wilkie, 139 S. Ct. 2400, 2414 (2019). In this case, however, as shown below, the Court finds that 8 C.F.R. § 103.2(a)(7)(i) unambiguously applies to AAO appeals. Auer deference is thus unnecessary in this instance.

5

The parties' central disagreement here is over which regulation applies to the timing of AAO appeals. Plaintiffs believe that the timeliness of appeals should be determined according to 8 C.F.R. § 103.8(b), which reads:

> (b) Effect of service by mail. Whenever a person has the right or is required to do some act within a prescribed period after the service of a notice upon him and the notice is served by mail, 3 days shall be added to the prescribed period. Service by mail is complete upon mailing.

This is the governing regulation for their appeals, Plaintiffs argue, because it is "incorporated by reference into [AAO's] Form [I-290B] Instructions." Pl. Opp. at 8. Those instructions read, in relevant part:

> Timeliness. In most cases, you must file your appeal or motion within 30 calendar days of the date of service of the adverse decision (or within 33 calendar days if we mailed the decision to you). . . .
>
> NOTE: If we sent you the decision by mail, the "date of service" is the date we mailed the decision, not the date you received it. See 8 CFR 103.8(b). Decisions are normally mailed the same day they are issued.

Dep't of Homeland Sec., <u>Instructions for Notice of Appeal or Motion</u>, https://www.uscis.gov/sites/default/files/files/form/i-290binstr.pdf (emphasis omitted).

Defendants, on the other hand, posit that the applicable regulation is 8 C.F.R. § 103.2(a)(7)(i), which provides:

> USCIS will consider a benefit request received and will record the receipt date as of the actual date of receipt at the location designated for filing such benefit request whether electronically or in paper format.

The term "benefit request" "means any application, petition, motion, <u>appeal</u>, or other request relating to an immigration or naturalization benefit." <u>Id.</u> § 1.2 (emphasis added).

DHS's reading is undoubtedly the correct one. In the most unambiguous terms, § 103.2(a)(7)(i) states that a "benefit request" — which includes an appeal, id. § 1.2 — is deemed received "as of the actual date of receipt at the location designated for filing" (emphasis added). Clearly, this is the rule that was meant to apply to the timing of appeal submissions.

The fact that the form instructions cite § 103.8(b) when discussing the date of service for the breach notice does nothing to change this. There is no indication that this citation is meant to apply the mailbox rule of § 103.8(b) to determine when the appeal is filed, and to do so would violate the very interpretive canon Plaintiffs cite. See Pl. Opp. at 10 ("[A] 'statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.'") (quoting Citizens for Responsibility & Ethics in Washington v. FEC, 316 F. Supp. 3d 349, 391 (D.D.C. 2018)). Defendants' position is also bolstered by the fact that the AAO's publicly available Practice Manual and prior rulings are consistent with their interpretation. See U.S. Citizenship and Immigration Servs., AAO Practice Manual § 3.7(c)(2) (Mar. 11, 2019), https://www.uscis.gov/tools/practice-manual/chapter-3-appeals ("The filing date for an appeal is the day the USCIS location designated for filing the appeal receives it, not the date the appellant mailed the appeal."); see, e.g., Matter of L-I-S-C, 2015 WL 7687020, at *2 (AAO Nov. 4, 2015) ("The date of filing is not the date of mailing, but the actual date of receipt at the designated filing location.") (citing 8 C.F.R. § 103.2(a)(7)(i)).

Given the soundness of DHS's interpretation of its unambiguous regulations, the Court finds that, as a matter of law, AAO's rejection of Plaintiffs' appeals as untimely was not "arbitrary and capricious." Plaintiffs therefore fail to state an APA claim upon which relief can be granted.

B. Section 1983 / Due-Process Claim

The companies also raise a claim against Defendants under 42 U.S.C. § 1983, see Compl. at 19, which provides a civil cause of action for violations of federal constitutional or statutory rights committed by persons acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." The problem with this count, as Defendants rightly note, is that here it is being asserted against federal actors. It therefore cannot proceed. See Davidson v. U.S. Dep't of State, 728 F. App'x 7, 7–8 (D.C. Cir. 2018) (citing Dist. of Columbia v. Carter, 409 U.S. 418, 424 (1973)). Appearing to realize this, Plaintiffs concede in their Opposition that the invocation of § 1983 in their Complaint was "erroneous[]" and argue instead that they meant to allege direct constitutional claims of procedural and substantive due-process violations under the Fifth Amendment. See Pl. Opp. at 13.

Even construed as "direct" due-process claims, however, they are permeated with additional infirmities. To begin, they fail to articulate any legal wrong beyond Plaintiffs' APA claims. The Complaint states only that "Defendants' actions in attempting to label timely submitted appeals as untimely filed deprives Plaintiffs of their due process rights." Compl., ¶ 47; see also id., ¶ 42 ("Based on all the facts of support this Count [*sic*], Defendants violated Plaintiffs' procedural and substantive due process rights."). Their Opposition to the Motion to Dismiss provides some more detail, arguing that "Defendants' application of the mailbox rule violates Plaintiffs' due process rights as it violates the APA." Pl. Opp. at 13. The few sentences that follow appear to confirm that Plaintiffs are contending that a violation of the APA alone gives rise to a violation of the Due Process Clause. Id. (maintaining that Defendants violated their due-process rights "[f]or the reasons set forth in Section[s] I and II above" — that is, the

8

sections of Plaintiffs' brief articulating their APA claims — and because DHS interpreted its regulation "contrary to its plain meaning" and "arbitrarily and capriciously applied this rule to [their] appeals").

This novel legal theory holds no water, since both the substantive and the procedural rights protected by the Due Process Clause require a party to fulfill distinct legal elements. See, e.g., Dist. Attorney's Office v. Osborne, 557 U.S. 52, 71–72 (2009). More specifically, plaintiffs making a procedural due-process claim must show that: (1) they were deprived of a protected interest, and (2) they did not receive the process they were due. Barkley v. U.S. Marshals Serv. ex rel. Hylton, 766 F.3d 25, 31 (D.C. Cir. 2014) (quoting UDC Chairs Chapter v. Bd. of Trustees, 56 F.3d 1469, 1471 (D.C. Cir. 1995)); see also Mathews v. Eldridge, 424 U.S. 319, 332–33 (1976). Less than a month ago, however, this Court specifically found that Statewide is not "due" DHS's acceptance of late appeals. Statewide III, 2019 WL 5579970, at *5. And since this Opinion has just found that their appeals were indisputably late, see supra Section III.A, any procedural due-process claim is foreclosed.

Similarly, no viable substantive due-process claim exists either, since Plaintiffs have not identified what right of theirs might have been violated, and the bar for recognizing a new such right is high: "As a general matter, the [Supreme] Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." Osborne, 557 U.S. at 72 (quoting Collins v. Harker Heights, 503 U.S. 115, 125 (1992)); see also Rosales-Mireles v. United States, 138 S. Ct. 1897, 1906 (2018) ("[I]n a [substantive] due process challenge to executive action, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.") (first alteration in original)

9

(quoting Cty. of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998)).  Without any articulation of even what right Plaintiffs claim, the Court cannot find that Defendants' action "shock[s] the contemporary conscience."  Rosales-Mireles, 138 S. Ct. at 1906 (quoting Lewis, 523 U.S. at 847 n.8).  Plaintiffs therefore state neither a procedural nor a substantive due-process claim upon which relief can be granted.

    C.  Remaining Counts

The final three counts of Plaintiffs' Complaint are mislabeled prayers for relief.  Count III is titled a "Claim for Declaratory Relief" for APA and due-process violations, see Compl. at 20; Count IV alleges a "Claim for Injunctive Relief" for the same violations, id. at 22; and Count VI (presumably meant to be Count V) purports to state a claim for attorney fees.  Id. at 23.  These "counts" each present not "a freestanding cause of action, but rather — as [their] moniker[s] make[] clear — a form of relief to redress the other claims asserted by Plaintiff."  Base One Techs., Inc. v. Ali, 78 F. Supp. 3d 186, 199 (D.D.C. 2015).  Since the Court here dismisses the actual substantive counts, the three prayers for relief must fall as well.

**IV.  Conclusion**

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss.  A contemporaneous Order so stating will issue this day.

                                            /s/ *James E. Boasberg*
                                            JAMES E. BOASBERG
                                            United States District Judge

Date:  November 26, 2019